# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE JONES<br>CDCR #D-23917,<br><br>         Plaintiff,<br><br>vs.<br><br>K. BRADFORD, B. CASH; M. CAVAZOS; P. CORTEZ; K. CRUZ; M. DAVIS BUECHTER; R. DOTTAVIANO; T. GOFF; J. HOMER; M. RIDGEWAY; R WATSON,<br>         Defendants. | Civil No. 11cv0296 IEG (BLM)<br><br>**ORDER:**<br><br>**(1) SUA SPONTE DISMISSING DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2); AND**<br><br>**(2) GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**<br><br>**[ECF No. 43]** |

## I.

### PROCEDURAL BACKGROUND

On March 26, 2010, Andre Jones ("Plaintiff") initially filed his original Complaint [ECF No. 1] in the Central District of California. At the time Plaintiff initially filed his Complaint he was represented by counsel. On September 10, 2011, Plaintiff's counsel, Leon P. Gilbert, was relieved as counsel of record [ECF No. 12]. On February 8, 2011, United States District Judge

Jacqueline H. Nguyen determined that venue was proper in the Southern District of California and transferred the matter to this Court [ECF No. 16].

On March 7, 2011, this Court issued an Order to Show Cause why the case should not be dismissed for failing to effect service on any of the Defendants pursuant to FED.R.CIV.P. 4(m) [ECF No. 19]. Plaintiff then filed a Motion to file an amended complaint, as well as a Motion for U.S. Marshal Service [ECF Nos. 21, 25]. On April 26, 2011, Plaintiff filed his First Amended Complaint ("FAC") [ECF No. 29]. This Court then issued an Order directing the U.S. Marshal Service to effect service of summons and Plaintiff's First Amended Complaint [ECF No. 30].

Defendants Bradford, Cash, Cavazos, Cortez, Cruz, David Buechter, Dottaviano, Goff, Homer, Ridgeway and Watson[1] have filed a Motion to Dismiss Plaintiff's First Amended Complaint pursuant to FED.R.CIV.P. 12(b)(6) [ECF No. 43]. Plaintiff has filed his Opposition to which Defendants have filed a Reply [ECF Nos. 44, 45]. The Court permitted Plaintiff to file a sur Reply [ECF No. 48].

The Court has determined that Defendants' Motion is suitable for disposition upon the papers without oral argument and that no Report and Recommendation from Magistrate Judge Barbara Lynn Major is necessary. *See* S.D. CAL. CIVLR 7.1(d)(1), 72.3(e).

## II.

### SUA SPONTE DISMISSAL

As an initial matter, the Court notes that Plaintiff has failed to rename Defendants California Department of Corrections and Rehabilitation, Richard J. Donovan Correctional Facility, California State Prison - Los Angeles, and Morrero in his First Amended Complaint. Thus, the claims against these Defendants have been waived and these Defendants are **DISMISSED** from this action. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

/ / /

/ / /

---

[1] Counsel for Defendants have noted that the names of Defendants Cavazos and Davis Buechtner were erroneously spelled in Plaintiff's First Amended Complaint. Accordingly, the Court will use the spelling of the names as provided by Defendants in their moving papers.

## III.

### PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff was initially housed at California State Prison, Lancaster on January 25, 2007. (*See* FAC at 5.) Plaintiff was placed in "ad-seg" for safety concerns. (*Id.*). Plaintiff went to the Institution Classification Committee ("ICC") and informed Defendants Cash, Cruz, Bradford, Dottaviano and Davis Buechter that he had "enemy concerns" and "could not be transferred to Donovan State Prison." (*Id.*) Plaintiff claims he was transferred to the Richard J. Donovan Correctional Facility ("Donovan") after his pleas and grievances were "ignored." (*Id.*)

Once Plaintiff arrived at Donovan, he informed Defendants Cortez, Homer and Cavazos, members of Donovan's ICC, of his safety concerns but claims he was lead to believe that his safety was not longer "at risk." (*Id.*) As a result, Plaintiff withdrew his administrative grievance. However, at the same time, Plaintiff requested that "Inmate McCloud" be placed on his enemy list. (*Id.*) Plaintiff alleges that his correctional counselor, Defendant Goff, failed to make this notation in Plaintiff's file and McCloud was later transferred to Donovan. (*Id.*) Plaintiff claims he "became the victim of an attempted murder." (*Id.*)

## IV.

### DEFENDANTS' MOTION TO DISMISS

**A.    FED.R.CIV.P. 12(b)(6) Standard of Review**

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).

/ / /

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009). In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines,* 404 U.S. at 519-20. Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim-Panahi*, 839 F.2d at 623.

Nevertheless, and in spite of the deference the court is bound to pay to any factual allegations made, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Nor must the court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or those which are "merely conclusory," require "unwarranted deductions" or "unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (citation omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *see also Ileto v. Glock Inc*., 349 F.3d 1191, 1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law cast in the form of factual allegations).

**B.     Eleventh Amendment**

All Defendants seek dismissal of Plaintiff's claims against them in their official capacities. While the Eleventh Amendment bars a prisoner's section 1983 claims against state actors sued in their official capacities, *Will v. Michigan Dep't of State Police*, 4[91] U.S. 58, 66 (1989), it does not bar damage actions against state officials sued in their personal or individual capacities. *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Pena v. Gardner*, 976 F.2d 469, 472-73 (9th Cir. 1992).

/ / /

/ / /

When a state actor is alleged to have violated both federal and state law and is sued for damages under section 1983 in his individual or personal capacity, there is no Eleventh Amendment bar, even if state law provides for indemnification. *Ashker v. California Dep't of Corrections*, 112 F.3d 392, 395 (9th Cir. 1997). Plaintiff brings this § 1983 suit against Defendants in both their individual and official capacities. (*See* FAC at 2-4.) The Supreme Court has made it clear that a plaintiff can establish personal liability in a section 1983 action simply by showing that each official acted under color of state law in deprivation of a federal right. *Hafer*, 502 U.S. at 25.

Consequently, the Court GRANTS Defendants' Motion to Dismiss on Eleventh Amendment ground–but only to the extent that Plaintiff seeks damages against them in their official capacity. The Eleventh Amendment imposes no bar to Plaintiff's damages action against any of the named Defendants for acts or omissions alleged to have been taken in their personal capacities. *See Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir. 1995).

### C.     Eighth Amendment claims[2]

Defendants move to dismiss Plaintiff's Eighth Amendment failure to protect claims, which is the only claim brought by Plaintiff, on the grounds that he has failed to allege sufficient facts to state a claim against any of the named Defendants. Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 199-200 (1989) ("[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."). In fact, the Supreme Court has specifically held that this duty requires prison officials to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations omitted).

---

[2] Plaintiff purports to bring the identical claims against the Defendants under the Eighth and Fourteenth Amendments. (*See* FAC at 5-6.) However, "[w]here an amendment 'provides an explicit textual source of constitutional protection against a particular sort of government behavior,' it is that Amendment, that 'must be the guide for analyzing the complaint.'" *Picray v. Sealock*, 138 F.3d 767, 770 (9th Cir. 1998) (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion)). Accordingly, the Court will analyze Plaintiff's failure to protect claims as arising pursuant to the Eighth Amendment.

"Protecting the safety of prisoners and staff involves difficult choices and evades easy solutions." *Berg v. Kincheloe*, 794 F.2d at 460.

Thus, to show that a prisoner has been subject to cruel and unusual punishment by an officer's failure to protect him, he must point to evidence in the record which shows that the alleged deprivation was objectively "sufficiently serious," *i.e.*, that the conditions he faced posed a "substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Second, because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," evidence must exist to show the defendant acted with a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 297 (internal quotation marks, emphasis and citations omitted); *see also Hudson*, 503 U.S. at 5, 8.

In a failure to protect case, "that state of mind is one of 'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 834. Prison officials display a deliberate indifference to an inmate's well-being when they know of and consciously disregard an excessive risk of harm to that inmate's health or safety. *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Thus, "deliberate indifference" entails something more than mere negligence, but may be satisfied with proof of something less than acts or omissions "for the very purpose of causing harm," or that a particular official "acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842. "Whether a prison official had the requisite knowledge of a substantial risk" may be inferred if the prisoner produces evidence sufficient to show that the risk was "obvious." *Id.*

In this matter, it is clear that Plaintiff has failed to provide factual allegations to sufficiently allege an Eighth Amendment claim. For example, Plaintiff claims that he informed the ICC committee that he had "enemy concerns" at Donovan. (*See* FAC at 5.) He fails to identify with any specificity what those "concerns" were. Plaintiff is transferred to Donovan but he alleges that he was attacked by another inmate who was transferred to Donovan *after* Plaintiff was transferred to Donovan. (*Id.*)

Therefore, there are no facts from which anyone could infer that the ICC should have known that an inmate who was not housed at Donovan at the time they made the determination to transfer Plaintiff to Donovan would subject Plaintiff to a "substantial risk of serious harm." *Farmer*, 511 U.S. at 842. As for the Defendants whom Plaintiff claims he told about his safety concern when he arrived at Donovan, he does not allege any specific facts as to what these concerns were. Moreover, while Plaintiff claims that Defendant Goff failed to put "inmate McCloud" on his enemy list, the facts in Plaintiff's First Amended Complaint are not clear whether he was actually attacked by inmate McCloud or a different inmate.

It appears that Plaintiff is attempting to remedy the deficiencies in his First Amended Complaint by providing a number of expanded factual allegations and exhibits in his Opposition. However, the Court may not consider materials outside of the pleadings. *See Schneider v. Cal. Dep't of Corrections,* 151 F.3d 1194, 1197, n. 1 (9th Cir. 1998). "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Id.* Thus, the Court cannot consider these new factual allegations or exhibits that are not incorporated in the First Amended Complaint. *Id.* There are simply no factual allegations in Plaintiff's First Amended Complaint sufficiently alleging that any of the named Defendants displayed deliberate indifference to Plaintiff's well being by consciously disregarding an excessive risk of harm to Plaintiff's safety. *Farmer*, 511 U.S. at 837. Thus, Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claims pursuant to FED.R.CIV.P. 12(b)(6) is **GRANTED**.

### D. Causation

Defendants Ridgeway and Watson argue for dismissal on the grounds that there are no factual allegations against them at all in Plaintiff's First Amended Complaint. A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each

individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986). Here, the Court finds that Plaintiff has failed to state sufficient facts that would hold Defendants Ridgeway and Watson liable for the alleged deprivation of his constitutional rights.

Therefore, Defendants Ridgeway and Watson's Motion to Dismiss Plaintiff's First Amended Complaint for failing to state a claim pursuant to FED.R.CIV.P. 12(b)(6) is **GRANTED**.

## V.
### CONCLUSION AND ORDER

Based on the foregoing, the Court hereby:

1) **DISMISSES** Defendants California Department of Corrections and Rehabilitation, Richard J. Donovan Correctional Facility, California State Prison - Los Angeles, and Morrero. *See King,* 814 F.2d at 567.

2) **GRANTS** Defendants' Motion to Dismiss Plaintiff's claims for money damages against them in their official capacities with prejudice.

3) **GRANTS** Defendants' Motion to Dismiss Plaintiff's First Amended Complaint pursuant to FED.R.CIV.P. 12(b)(6).

**IT IS FURTHER ORDERED that**:

4) Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)

**IT IS SO ORDERED.**

DATED: **October 19, 2011**

HON. IRMA E. GONZALEZ, Chief Judge
United States District Court